NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

LEVI SCOTT OWEN, *Appellant.*

No. 1 CA-CR 19-0465

FILED 2-2-2021

Appeal from the Superior Court in Maricopa County
No. CR2018-122722-001
The Honorable John R. Hannah, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Chief Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Jennifer B. Campbell and Judge Lawrence F. Winthrop joined.

---

**S W A N N**, Chief Judge:

**¶1**       Levi Scott Owen appeals his convictions of resisting arrest and disorderly conduct and the resulting sentences. Owen's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Owen was given the opportunity to file a supplemental brief but did not do so. Counsel asks this court to search the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm Owen's convictions and sentences.

**FACTS AND PROCEDURAL HISTORY**

**¶2**       In the early hours of May 8, 2018, Owen showed up at the apartment of his on-again, off-again girlfriend, J.M. Owen drunkenly yelled while pounding on the door with his fists for approximately 45 minutes. J.M., inside the apartment with a male coworker, J.B., placed a 911 call because she "was in fear for [her] life" and she thought Owen was going to break down the door.

**¶3**       Phoenix Police Officer Beaver arrived at J.M.'s apartment to interview J.M. As he conducted the interview, a neighbor called down from a nearby balcony and notified Officer Beaver that someone was banging on doors and screaming but had left.

**¶4**       Meanwhile, Phoenix Police Officers Neidenbach and Solie approached J.M.'s apartment complex in a marked patrol vehicle and in uniform. The officers spotted Owen on the street and approached him because he matched the physical description of the suspect given over the police radio. Officer Solie asked Owen whose house he was coming from, and Owen responded, "nobody," and continued walking.

**¶5**       The officers then exited their patrol vehicle and attempted to detain Owen by twisting his right arm behind his back, but they never told

Owen he was under arrest. Owen made a "wrestling move" toward Officer Neidenbach's feet, so Officer Neidenbach pulled Owen's jersey above his head and attempted to pull Owen to the ground. But Owen was able to continue walking away because of his relative size and strength. The officers gave Owen commands to sit down, get on the ground, and put his hands behind his back, but Owen did not comply. Owen swung his left fist at Officer Neidenbach, but missed.

¶6 Owen continued to back away from the officers. Both officers took out their tasers, and Owen grabbed Officer Solie's taser. At that point, Officer Neidenbach tased Owen in his upper chest—which had little effect—then deployed a second taser cartridge, which brought him to the ground. While Owen was on the ground, he grabbed Officer Solie's ankles so Officer Neidenbach touch-tased him twice. But because of Owen's size and strength he got up from the ground and "took a fighting stance," prompting Officer Neidenbach to tase him once more. Officer Solie was then able to handcuff him. Owen sustained lacerations to his hand and face during the arrest.

¶7 Owen was indicted on four counts of aggravated assault, one count of resisting arrest, and one count of disorderly conduct. After a four-day trial, a jury found Owen guilty of resisting arrest and disorderly conduct. At a separate trial on prior convictions, the superior court found Owen had one non-historical class 6 felony conviction for endangerment. The court sentenced Owen to a two-day imprisonment for disorderly conduct, with presentence credit of two days served. The court suspended the imposition of a sentence on the felony resisting arrest count and imposed a two-year term of supervised probation with 10 days in jail with a work-release provision.

**DISCUSSION**

¶8 We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none.

¶9 Owen was present and represented by counsel at all stages of the proceedings against him. The record reflects that the superior court afforded Owen all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient

to support the jury's verdicts. Owen's sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

**CONCLUSION**

**¶10** We affirm Owen's convictions and sentences. After the filing of this decision, defense counsel's obligations pertaining to Owen's representation in this appeal will end after informing Owen of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Owen has 30 days from the date of this decision to file a petition for review *in propria persona*. *See* Ariz. R. Crim. P. 31.21(b)(2)(A). Upon the court's own motion, Owen has 30 days from the date of this decision in which to file a motion for reconsideration.



AMY M. WOOD • Clerk of the Court
FILED:     AA